E-FILED
Friday, 05 December, 2008  04:55:50 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JAMAR HENRY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.  07-3014 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Petitioner Jamar Henry's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) (Petition) and his Supplemental Petition (d/e 8).  For the reasons stated below, Henry's Petition and Supplemental Petition are denied.

### FACTS

On April 3, 2003, after a bench trial, Jamar Henry was convicted of possessing with intent to distribute 5 or more grams of cocaine base, in

violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B).[1]  At trial, he was represented

by attorneys Ralph Williams and Jon Gray Noll.  Henry stipulated to the

following facts.  In May of 2002, a police officer saw him leave the house of

his girlfriend, Michelle Granderson, and arrested him pursuant to a warrant.

On his person the officer found 10.9 grams of cocaine base.  Officers then

searched Granderson's house and discovered .4 grams of cocaine base in a

pair of pants with Henry's identification, 2.8 grams in a men's shirt, a

digital scale, a spoon with cocaine residue, $800 in cash, and 87.1 grams of

cocaine in a bag.[2]  Henry stipulated to his possession of the 10.9 grams of

cocaine base found on his person but denied any intent to distribute it.  He

also stipulated, however, that over the prior two weeks, he had bought 4

ounces of cocaine, cooked some of it into crack, and sold small quantities

of it to five individuals.

---

[1]The Honorable Richard M. Mills presided over this case through re-sentencing. On May 18, 2006, however, the case was re-assigned to this Judge, along with all other criminal cases in the Springfield Division of the Central District of Illinois.

[2]Henry moved to suppress the evidence seized from the search of Granderson's house.  He argued that after Granderson refused police permission to search her home, officers threatened to ransack it.  The district court found that Henry had no possessory interest in the house because he did not live there and had no substantial connection to it.  Therefore, the district court concluded, Henry had no reasonable expectation of privacy in the house and no standing to complain about the search.  Cent. Dist. Case No. 02-30056 Order issued October 15, 2002 (d/e 18), at 3-4.

The Government argued that the district court could infer Henry's intent to distribute at least 5 grams based on the total amount possessed, the digital scale and cash found in his girlfriend's home, and Henry's admission of prior distribution.  Henry argued that a toxicology report and affidavits proved he personally used cocaine base, that affidavits proved he did not live at Granderson's house, and that the amount of cocaine base found in his possession was not inconsistent with personal use.  The district court concluded that Henry possessed the 10.9 grams to which he admitted and the .4 grams found in the pants pocket with his identification.  The district court also found that the scale, cash, and powder cocaine suggested that Henry was selling more than he was using.  The district court added the 10.9 and .4 and incorrectly concluded that Henry possessed 11.4 grams of cocaine base (mathematically, the number should have been 11.3).  The district court held that it did not consider the evidence sufficient to support the theory that Henry planned to consume more than 6.4 grams; thus the district court concluded that Henry intended to distribute at least 5 grams.  Specifically, the district court stated:

> Even if the 2.8 grams of crack that the police found in the shirt belonged to Mason, there are another 11.4 grams of crack for which to account.  It is unreasonable to think that the

Defendant intended to use most of that crack himself. The evidence of the Defendant's personal drug use is far too scant for the Court to find that he intended to consume more than 6.4 grams of crack. Moreover, the $800 cash and the digital scales and the inventory of 87.1 grams of powder cocaine suggests that the Defendant was selling a good deal more crack than he consumed.

Cent. Dist. Case No. 02-30056 Transcript of Proceedings on April 29, 2003 (d/e 42), at 8-9.

On September 2, 2003, the district court sentenced Henry. Henry was represented by attorneys Williams and Noll at sentencing as well. The district court found that Henry had two prior felony convictions for manufacture and delivery of 1-15 grams of cocaine in Cook County, which qualified him as a career offender. The district court found Henry's base offense level to be 37, because his offense carried a statutory maximum of life. Because Henry stipulated to the underlying facts, the district court credited him with acceptance of responsibility and thus set his total offense level at 34, providing for a sentencing range of 262-327 months. The district court sentenced Henry to 262 months, the bottom of the range.

On April 19, 2004, Henry appealed his conviction and sentence. The Seventh Circuit appointed attorney Eric M. Schwing to represent him. Henry argued that the Government offered insufficient evidence that he

intended to distribute 5 or more grams of cocaine base and that the district court impermissibly placed the burden on him regarding the drug amount. He also argued that because the district court treated the Guidelines as mandatory, his sentence ran contrary to United States v. Booker, 543 U.S. 220 (2005).  The Seventh Circuit affirmed Henry's conviction.  United States v. Henry, 408 F.3d 930, 932 (7th Cir. 2005).   Of particular importance here, the court noted that because Henry's sentence of 262 months fell under the 30-year statutory maximum for the lesser offense of possession with intent to distribute under 5 grams of cocaine base (where the defendant also had a prior drug felony conviction), proof of drug quantity was irrelevant to Henry's conviction and sentence.  Id. at 934. Additionally, the Seventh Circuit noted the district court's arithmetical error, but found it insignificant.  Id. at 933.  Neither party had raised the issue. While the court affirmed Henry's conviction, it also ordered a limited remand pursuant to United States v. Paladino to allow the district court to reconsider his sentence.  Id. at 932 (citing Paladino, 401 F.3d 471 (7th Cir. 2005)).

    After the Seventh Circuit issued its opinion, Attorney Schwing filed in the district court a motion to withdraw, and the district court granted his

motion.  The district court appointed Attorney Babette Salus to represent Henry.  On limited remand, the district court solicited position papers from the parties in lieu of holding a sentencing hearing.  After reviewing the papers, the district court held that even with the additional discretion afforded by <u>Booker</u>, it would have imposed the same sentence.

Under <u>Paladino</u>, the Seventh Circuit had retained jurisdiction, and following the district court's re-sentencing, the appellate court provided both Henry and the Government the opportunity to file arguments regarding the re-sentencing decision.  <u>See</u> <u>Paladino</u>, 401 F.3d at 485.  Only the Government did so. The Seventh Circuit affirmed Henry's sentence November 8, 2005.  Its mandate issued November 30, 2005.  Henry did not file a petition for writ of certiorari before the Supreme Court.

On April 20, 2006, Henry filed a Motion to Compel (d/e 97) in the district court.  He asked the district court to order his attorney, whom he identified as "Ms, Silas," to inform him of the status of his case and provide him copies of her records.  <u>Motion to Compel</u>, at 1.  He noted that the last communication he had with Attorney Salus occurred prior to the district court's decision on re-sentencing.  After the district court ordered Attorney Salus and Attorney Schwing to provide Henry copies of documents in his

6

case file, Attorney Salus indicated her belief that she was appointed to represent Henry only on the limited remand to the district court.  Cent. Dist. Case No. 02-30056 Response to Defendant Jamar Henry's Notice of Non-Compliance With the Court's Order of June 15, 2006 (d/e 103), at 2.

On January 16, 2007, Henry filed the instant Petition to vacate his sentence under 28 U.S.C. § 2255.  He raises seven ineffective assistance of counsel grounds.

<u>ANALYSIS</u>

Each of Henry's seven claims fails.  While none are procedurally deficient, on the merits they do not provide grounds for habeas relief.  The Court first addresses the procedural issues involved and then analyzes the merits of each claim.

I.  <u>PROCEDURAL ISSUES</u>

Henry's Petition is timely.  A one-year statute of limitations applies to petitions for § 2255 habeas relief.  Under the statute, a petitioner must file his petition within one year of:

(1)   the date on which the judgment of conviction becomes final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if

the movant was prevented from making a motion by such governmental action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  The latest of these dates governs.  Henry has offered no evidence to suggest that dates (2)-(4) might apply, leaving the Court to calculate from date (1).  Henry did not file a petition for writ of certiorari before the Supreme Court.  Thus, his one-year limitation period started to run when the time for seeking such review expired, not from the date the appellate court's mandate issued, as the Government suggests.  Clay v. United States, 537 U.S. 522, 532 (2003).  Under Supreme Court Rule 13, the deadline for filing a petition for writ of certiorari is 90 days after entry of judgment.  The Seventh Circuit entered judgment November 8, 2005.  Henry could have filed a petition for writ of certiorari on or before until February 6, 2007.  Because he filed the instant Petition less than a year later, on January 16, 2007, his Petition is timely.

Moreover, Henry's claims are not procedurally defaulted.  All of Henry's claims are ineffective assistance of counsel claims, and he raised no

8

such claims on direct appeal.  The Government argues that he therefore procedurally defaulted these claims.  Yet, ordinary procedural default rules do not apply to ineffective assistance of counsel claims.  "[A]n ineffective assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal."  Massaro v. United States, 538 U.S. 500, 505 (2003).

II.   MERITS

Henry has raised seven claims of ineffective assistance of counsel.  To prove ineffective assistance of counsel, he must show that his attorneys' representation was objectively deficient, and that the deficient representation caused him prejudice.  Strickland v. Washington, 466 U.S. 668, 688 (1984).  To establish deficient representation, he must prove that his attorney committed errors so serious that his performance could not be considered reasonable under prevailing professional norms.  Id. at 687-88. "However, this analysis takes place in the context of the presumption that an attorney's conduct is reasonably proficient."  Galbraith v. United States, 313 F.3d 1001, 1008 (7th Cir. 2002).

A.   First Claim

First, Henry argues that his counsel at the district and appellate levels

provided ineffective assistance in failing to challenge the Guideline range the district court found applicable.  Henry advances two theories of error under his claim.  Under one theory, Henry asserts that his trial and appellate counsel failed to argue that he should not have been sentenced based on a career offender base offense level of 37, applicable to sentences with statutory maximums of life, because only a 40-year statutory maximum applied.  Henry appears to be referring to the section of the statute providing that an offender convicted of possessing with intent to distribute 5 grams or more of cocaine base "shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years."  21 U.S.C. § 841(b)(1)(B).  Yet, the statute continues, providing that one who previously was convicted of a felony drug offense is subject to a statutory maximum of life.  Id.  Because Henry previously had been convicted of two felony drug offenses, the 40-year statutory maximum did not apply to him.  Instead, the life-sentence maximum did, and the district court was correct to find his base offense level to be 37.  Because the district court was correct, Henry's attorneys' decisions not to challenge this conclusion were not objectively deficient and did not prejudice him.  Their representation on this issue was not constitutionally ineffective.

Under the other theory, Henry argues that his trial and appellate counsel should have argued that the district court's arithmetical error in calculating the amount of cocaine he possessed influenced his Guideline range. According to Henry, when the district court held that it did not consider the evidence sufficient to show that he planned to consume more than 6.4 grams of crack, and thus must have intended to distribute at least 5 grams, it found that he intended to consume exactly 6.4 grams. If he only possessed 11.3 grams (not 11.4 as the Court mistakenly indicated), and intended to consume 6.4 grams, he only had 4.9 grams left to distribute. Henry argues that the drug quantity would have affected his statutory maximum, because with the lower amount of cocaine base, he would have been eligible only for a 30-year maximum. See 21 U.S.C. § 841(b)(1)(C). Thus, he argues, his base offense level would have been 34, not 37.

Henry's argument is based on a mistaken assumption, however. The Court does not interpret the district court's explanation of its conclusion as indicating that Henry intended to consume exactly 6.4 grams. The district court stated: "Moreover, the $800 cash and the digital scales and the inventory of 87.1 grams of powder cocaine suggests that *the Defendant was selling a good deal more crack than he consumed*." Cent. Dist. Case No. 02-

11

30056 Transcript of Proceedings on April 29, 2003 (d/e 42), at 9 (emphasis added). And as the Seventh Circuit noted on appeal, "if Henry intended to sell more than he intended to use of 11.3 grams of crack, that necessarily implies that he intended to sell more than 5 grams." Henry, 408 F.3d at 934. Thus, the district court's arithmetical error was irrelevant for sentencing purposes, and Henry's trial and appellate counsel did not err in failing to raise it. Moreover, despite the fact that his attorneys never raised the issue, the Seventh Circuit addressed it and resolved it; thus, Henry was not prejudiced. He did not receive ineffective assistance of counsel on this issue.

B.    Second Claim

Next, Henry argues that his trial counsel provided ineffective assistance in failing to allow him to testify at trial. Henry waived his right to testify when he told the district court that he wanted to proceed with a bench trial through stipulation. The district court specifically warned him that if he did so, it "[would] hear no further evidence under oath from the witness stand." Cent. Dist. Case No. 02-30056 Transcript of Proceedings on April 3, 2003 (d/e 66), at 17. Henry maintained that he still wanted to proceed to a bench trial through stipulation. Id. at 18. Now, however, he

asserts that he wanted to testify to show that the drugs found in Granderson's house were not his and that he never admitted they were. According to Henry, his trial counsel never explained that whether Henry testified was up to Henry; instead, his attorneys refused to allow him to testify.

It is clear that Henry had a constitutional right to testify, and that if his attorneys deprived him of that right, their representation was deficient. Rock v. Arkansas, 483 U.S. 44, 49-53 (1987); United States v. Manjarrez, 258 F.3d 618, 623 n.3 (7th Cir. 2001).  Whether they actually did so is a question of fact.  Yet, even assuming that they did, Henry still must show that there is a reasonable probability that his failure to testify affected the outcome of his trial.  See Barrow v. Uchtman, 398 F.3d 597, 608 n.12 (7th Cir. 2005) (citing Rodriguez v. United States, 286 F.3d 972, 983-84 (7th Cir. 2002).  He states now that he wanted to testify to show that the drugs found in Granderson's house were not his and that he never admitted they were.  Yet, of the 11.3 grams of cocaine base he was convicted of possessing, 10.9 grams were found on his person -- not in Granderson's house.  Thus, with respect to the majority of the crack he was convicted of possessing, his testimony that the drugs found in Granderson's home were not his would

have been irrelevant.  According to police, the remaining .4 gram of cocaine base on which the district court relied for conviction was found at Granderson's house, but in a pair of pants with Henry's identification.  That is substantial evidence that it belonged to him.

Henry ignores the reality that, had he taken the stand, he would have been impeached with his prior drug convictions, which would have weighed against his credibility.  See Alexander v. United States, 219 Fed.Appx. 520, 524 (7th Cir. 2007); Taylor v. United States, 287 F.3d 658, 662 (7th Cir. 2002).  Given his credibility problem, it is not reasonably likely that his testimony would have swayed the district court in the face of such substantial contrary evidence.

Moreover, to the extent that the other drugs found at Granderson's home affected Henry's sentence, if not his conviction, his testimony again would have been outweighed by significant evidence.  Granderson was Henry's girlfriend.  While he did not live at her home, he could be expected to have possessions there, such as the pants with his identification in them.  Police also found a shirt there containing 2.8 grams of crack; the fact that it was a man's shirt suggests that the drugs were Henry's.  Finally, all of this evidence combined with Henry's stipulation that he bought cocaine and sold

14

crack over the two weeks preceding his arrest suggests that the 87.1 grams of cocaine found in Granderson's home also belonged to him. In the face of this evidence, and given Henry's diminished credibility, it is not reasonably likely the district court would have believed his testimony. Thus, even if the Court were to credit his Petition as proof of counsel's deficient performance under the first prong of <u>Strickland</u>, he cannot show prejudice under the second prong. <u>See Alexander</u>, 219 Fed.Appx. at 524. His second claim fails.

C.    <u>Third Claim</u>

Henry's third claim also fails. Henry asserts that his counsel was ineffective in failing to file a brief arguing that the district court's reimposition of his sentence was unreasonable. In support of his claim, Henry argues that a statutory maximum of life did not apply to his crime, and therefore his base offense level under the career offender Guideline provision should not have been 37. As the Court found above, Henry's argument regarding the statutory maximum is not persuasive. Because the district court correctly set his base offense level at 37, a decision by his attorney not to file a brief challenging this conclusion would not constitute ineffective assistance of counsel.

Yet, to receive effective assistance of counsel, a defendant must actually have counsel, and whether Henry had counsel on the appeal of his re-sentencing decision was not initially clear to the Court.  After the Seventh Circuit affirmed Henry's conviction, Attorney Schwing filed a motion to withdraw in the district court, and the district court granted his motion. Attorney Schwing never withdrew in the Seventh Circuit, however.  The district court appointed Attorney Babette Salus to represent Henry at the re-sentencing, but that representation did not automatically make her counsel of record for purposes of appealing the re-sentencing decision. When the Seventh Circuit provided Henry the opportunity to file a brief challenging the district court's re-sentencing decision, he failed to do so. There is no evidence that Henry asked either attorney Salus or attorney Schwing to further challenge the district court's resentencing decisions.

The Court, however, ordered Attorneys Salus and Schwing to file affidavits regarding their understandings of the parameters of their appointments.  Both did so.  See Affidavit of Babette P. Salus in Response to Court Order (d/e 14); Affidavit of Eric M. Schwing in Response to Court Order (d/e 13).  Attorney Salus stated that she believed she represented Henry only before the district court; she believed Attorney Schwing

16

represented Henry before the Seventh Circuit.  She did know that the opportunity to present additional re-sentencing arguments before the Seventh Circuit existed, however, and had she thought any non-frivolous argument could have been made, she would have sought leave to enter an appearance and file a brief.  Attorney Schwing stated that while he was "uncertain of his status as appellate counsel following remand," he also was aware of the opportunity to file additional re-sentencing argument in the Seventh Circuit and would have done so had he believed any non-frivolous arguments existed.  <u>Affidavit of Eric M. Schwing in Response to Court Order</u>, ¶ 2.

The Court is satisfied that Henry had representation on the appeal of the re-sentencing decision.  Only Attorney Schwing officially represented Henry on appeal, and he was uncertain of his status, but he did evaluate his client's case and decided that no effective arguments could be made. Though Attorney Salus was not officially representing Henry at this stage, she also evaluated his case and determined that no effective arguments could be made on appeal.  Henry filed a Response (d/e 17) with this Court after Attorneys Schwing and Salus filed their affidavits, and he did not

dispute their accounts of their post-re-sentencing work.[3]  Thus, Henry has not established ineffective assistance of counsel on his third claim.

D.    Fourth Claim

In his fourth claim, Henry argues that an intervening change of law between his first appeal and the re-sentencing appeal made the Seventh Circuit's conclusions in its first opinion incorrect.  Specifically, he asserts that intervening law has undermined the appellate court's conclusion that the Government's proof of drug quantity was ultimately irrelevant.  He does not identify the intervening change of law but states, "The Supreme Court made clear that drug quantity is relevant to the determination of a defendant's sentence, and must be proven beyond a reasonable doubt or admitted by the Petitioner."  Petition, at 6.  Henry asserts that his re-sentencing appellate counsel was ineffective for failing to argue that the law had changed since his initial appeal.

The Seventh Circuit decided Henry's initial appeal May 26, 2005.  It released its opinion regarding his re-sentencing November 8, 2005.  The

---

[3]Henry argued that Attorney Salus did not communicate with him before the district court reimposed his sentence, but that is a separate matter unrelated to his argument that his counsel was ineffective in failing to file a brief arguing that the district court's reimposition of his sentence was unreasonable.

Court can find no Supreme Court case issued between these dates regarding proof of drug quantity at sentencing.  Henry appears to be making an argument based on <u>Apprendi v. New Jersey</u>, but the Supreme Court decided this case well before his initial appeal.  <u>Apprendi</u>, 530 U.S. 466 (2000).  Moreover, <u>Apprendi</u> does not help Henry.  In <u>Apprendi</u>, the Supreme Court held that any fact that increases the statutory maximum sentence must be proven to a jury beyond a reasonable doubt or admitted by the defendant. <u>Apprendi</u>, 530 U.S. at 490.  But as the Seventh Circuit recently noted, "when a judge imposes a sentence below the statutory maximum, he may do so based on facts found by a preponderance of the evidence."  <u>United States v. Abdulahi</u>, 523 F.3d 757, 760 (7th Cir. 2008).  "<u>Apprendi</u> has no application to cases where the sentence is below the statutory maximum." <u>United States v. Gilmer</u>, 534 F.3d 696, 704 (7th Cir. 2008).  Because Henry's statutory maximum was life and he was sentenced below that maximum, <u>Apprendi</u> does not apply.  Thus, his attorney's failure to advance this argument on appeal was not ineffective assistance of counsel.

      E.   <u>Fifth Claim</u>

Fifth, Henry asserts that "[a]s seen by Petitioner's first appeal, his sentence was unconstitutional," and his attorneys on re-sentencing and on

appeal of the re-sentencing offered ineffective assistance by failing to argue that the reimposed sentence violated the Fifth and Sixth Amendments. Petition, at 8. Henry's reference to his first appeal is too vague to establish the basis of his argument, but his mention of Cunningham v. California narrows the matter. The Court assumes his argument rests on Cunningham v. California, 549 U.S. 270 (2007), though he does not provide a citation. In Cunningham, the Supreme Court held that a California statute violated the defendant's Sixth Amendment rights to trial by jury and proof beyond a reasonable doubt by placing sentence-elevating factfinding regarding aggravating circumstances -- such as the vulnerability of a victim and the danger the defendant posed to the community -- within the judge's province. Id. at 274-75. Cunningham does not deal with the Fifth Amendment, but the Court interprets Henry's Petition as asserting that his counsel offered ineffective assistance by failing to argue that his sentence was reimposed without due process.

Henry's fifth claim also fails. He appears to be using Cunningham to advance another Apprendi Sixth Amendment argument. The Court reads his Petition as asserting that the district judge lacked the authority to decide whether he previously was convicted of a felony drug offense, and therefore

20

was subject to a statutory maximum of life instead of 40 years.  <u>See</u> 21 U.S.C. § 841(b)(1)(B).  According to Henry, because this determination increased the statutory maximum applicable (and increased the sentence the district court actually imposed), it was a decision for a jury, based on proof beyond a reasonable doubt.  The Supreme Court has addressed this same argument in other cases, however, and concluded that "prior convictions need not be treated as an element of the offense for Sixth Amendment purposes."  <u>James v. United States</u>, 127 S.Ct. 1586, 1600 n.8 (2007).  In fact, Apprendi specifically excludes prior convictions: "*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  <u>Apprendi</u>, 530 U.S. at 490 (emphasis added).  For Sixth Amendment purposes, prior convictions cannot be compared to the <u>Cunningham</u> aggravating factors.  Because the existence of prior convictions need not be found by a jury beyond a reasonable doubt, failing to raise this argument does not constitute ineffective assistance of counsel.

Henry's Fifth Amendment argument also fails.  Henry has made no attempt to show how the re-sentencing decisions violated his right to due process or why his attorneys should have argued such.  His argument is

unreasonably vague, and this alone provides grounds for dismissal.  <u>See</u> <u>Oliver v. United States</u>, 961 F.2d 1339, 1343 n.5 (7th Cir. 1992).

F.    <u>Sixth Claim</u>

Sixth, Henry argues that his counsel, at both sentencing hearings and on both appeals, offered ineffective assistance in failing to argue that the Court's classification of Henry as a career offender violated the Fifth and Sixth Amendments.  Specifically, he asserts that because his prior offenses were not charged in the Indictment and because he never admitted that "he had a requisite intent to distribute when committing these priors," the district court could not find that he committed two prior "trafficking offenses" and thus qualified as a career offender.  <u>Petition</u>, at 8.

Defendants have a due process right not to be sentenced based on a Pre-Sentence Report (PSR) containing materially untrue, inaccurate, or unreliable information.  <u>United States v. Clanton</u>, 538 F.3d 652, 655 (7th Cir. 2008).  To succeed on such a claim, however, "the defendant must demonstrate that the information before the court was inaccurate and that the court relied on it."  <u>United States v. Coonce</u>, 961 F.2d 1268, 1275 (7th Cir. 1992).  The district court accepted the PSR's finding that Henry was convicted twice of manufacture/delivery of 1-15 grams of cocaine in Cook

22

County, Illinois, and thus that he had committed two prior controlled substance offenses.    Cent. Dist. Case No. 02-30056 Transcript of Proceedings on September 2, 2003 (d/e 64), at 10; Cent. Dist. Case No. 02-30056 PSR (d/e 51), ¶¶ 30, 33.  Henry has not shown that the PSR was incorrect.  Indeed, he has not even argued that he was never convicted of these two offenses.  The district court's finding did not violate due process, and Henry's attorneys were not obliged to challenge it.

Henry's Sixth Amendment argument again appears to arise from Apprendi, but it also is unpersuasive.  Preliminarily, the Court interprets Henry's Petition as asserting that the district judge lacked the power to decide whether he was in fact convicted of the two prior offenses that made him eligible for career offender status.  According to Henry, he was entitled to a jury determination on that issue, based on proof beyond a reasonable doubt.  As noted above, however, the Supreme Court has rejected this argument as "baseless," because prior convictions need not be proved to a jury beyond a reasonable doubt.  James, 127 S.Ct. at 1600 n.8; see also Apprendi, 530 U.S. at 490.  Thus, failing to raise this argument does not constitute ineffective assistance of counsel.

Further, while Henry references "trafficking offenses," he seems to be

23

arguing that the district judge lacked the authority to decide whether his two prior offenses constituted "controlled substance offenses" under the Guideline provision for career offenders.  U.S.S.G. § 4B1.1(a).  He is wrong. The Supreme Court has held that judges may decide whether categories of offenses satisfy Guideline descriptions because, as long as the judge does not base his decision on the defendant's particular actions while engaged in these offenses, such decisions are "statutory interpretation, not judicial factfinding."  James, 127 S.Ct. at 1600; United States v. Smith, 544 F.3d 781, 786-87 (7th Cir. 2008).  Here, the district court found only that the offense manufacture/delivery of 1-15 grams of cocaine constituted a controlled substance offense.  Thus, the district court did not overstep its authority, and Henry's attorneys did not provide ineffective assistance of counsel by failing to challenge its decision.

G.   Seventh Claim

In his seventh claim, Henry argues that his trial and appellate counsel offered ineffective assistance regarding his motion to suppress the evidence seized from Granderson's house.  Henry contends that the trial court improperly found that he had no reasonable expectation of privacy in her house because he had no possessory interest there.  He asserts that he asked

24

his appellate counsel to raise this issue on appeal because he believed the Supreme Court had ruled to the contrary.  Additionally, he says he asked his appellate counsel to argue that the district court failed to address the allegation that police officers threatened to ransack Granderson's home if she did not allow them to conduct a warrantless search.  Henry also asserts that had his trial counsel offered these arguments, the evidence would have been suppressed.

When Henry moved to suppress the evidence found at Granderson's home, his trial attorneys argued that Granderson never consented to the search of her home and that if she had, her consent did not authorize the police to search Henry's possessions in her home.  They argued that Henry did not live in the home, that Henry was just her friend, and that Henry had clothes at her home only because she had recently done his cleaning.  From this information, the district court concluded that Henry's only connection to Granderson's home was that she had recently done his laundry.  The district court found that connection insufficient to give Henry a possessory interest in the house and thus concluded that he had no reasonable expectation of privacy in the house.

Based on the information before the district court, that decision was

correct.  The Supreme Court has held repeatedly that Fourth Amendment rights are personal, and a defendant can obtain suppression only if he can demonstrate that *his* Fourth Amendment rights were violated by the challenged search.  <u>United States v. Padilla</u>, 508 U.S. 77, 81 (1993).  A defendant's own Fourth Amendment rights are not violated unless he has a legitimate expectation of privacy in the premises searched.  <u>Rakas v. Illinois</u>, 439 U.S. 128, 148 (1978).  If Henry's only connection to the house was that Granderson had his laundry there, Henry had no legitimate expectation of privacy in her home, and he had no standing to complain about the search.  <u>See</u> <u>United States v. Torres</u>, 32 F.3d 225, 229-30 (7th Cir. 1994).  In that case, whether the officers coerced Granderson into granting permission to search her house was irrelevant to Henry's motion to suppress.  Thus, Henry's attorneys' failure to argue that the district court ignored this allegation cannot constitute ineffective assistance of counsel.

Henry also claims that the district court's decision regarding his expectation of privacy was contrary to Supreme Court law.  However, he fails to identify any Supreme Court precedent or explain why he believes he had an expectation of privacy there.  Without any information on why Henry believes he had an expectation of privacy in Granderson's home, the

26

Court concludes that he had standing to complain about the search and that his lawyers provided ineffective assistance of counsel on this issue. Henry's argument is unreasonably vague, which provides grounds for dismissal. See Oliver, 961 F.2d at 1343 n.5.

THEREFORE, Petitioner Jamar Henry's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) and his Supplemental Petition (d/e 8) are DENIED. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:   December 5, 2008

FOR THE COURT:

_____ s/ Jeanne E. Scott _____
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE